# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

REGINA OLSEN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[1]

    Defendant.

Case No. 12-3389-CV-DPR

## MEMORANDUM AND ORDER

Upon remand from the Appeals Council, an Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Regina Olsen in a decision dated March 17, 2011 (Tr. 18-28). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that the ALJ improperly determined that the claimant's juvenile rheumatoid arthritis was not a severe impairment; the ALJ did not properly analyze the claimant's impairments absent drug and alcohol abuse; substantial evidence does not support the ALJ's residual functional capacity (RFC) determination; and the ALJ improperly analyzed the claimant's credibility regarding her subjective complaints (Doc. 9). The Court has thoroughly reviewed the claimant's medical records, the opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole.

The undersigned finds sufficient evidence in the record to support the ALJ's conclusion that the claimant's juvenile rheumatoid arthritis is not severe. Furthermore, upon remand from the Appeals Council, the ALJ made a proper determination that the claimant's alleged impairments met listings for the following mental disorders: affective disorder, anxiety-related disorder, and substance addiction disorder. The ALJ then properly considered whether the claimant's severe impairments would remain if she stopped abusing drugs and alcohol. He found the claimant's impairments would be severe, but would not meet or equal a listing. The ALJ then evaluated the claimant's RFC. In so doing, the ALJ properly explained the reasons for the weight given to the opinion evidence in the record, and he supported his determination that the claimant's statements were not fully credible by citing to inconsistencies between the claimant's subjective complaints and the medical and other evidence in the record. The ALJ ultimately determined that the claimant's substance abuse was a contributing factor material to the determination of disability. As such, the ALJ found the claimant not disabled. *See* 20 C.F.R. § 404.1535; *Kluesner v. Astrue*, 607 F.3d 533 (8th Cir. 2010); *Brueggemann v. Barnhart*, 348 F.3d 689 (8th Cir. 2003). Based upon review of the evidence of record, the Court finds substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: August 12, 2013

       /s/ *David P. Rush*
       **DAVID P. RUSH**

**United States Magistrate Judge**